164    APPELLATE COURTS OF ILLINOIS.

Kackley v. Central Illinois Traction Co., 201 Ill. App. 164.

public travel. The instructions as given were therefore erroneous. The judgment is reversed and cause remanded.

*Reversed and remanded.*

ʃ

### Elizabeth Kackley, Appellee, v. Central Illinois Traction Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Edgar county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 21, 1916.

### Statement of the Case.

Action by Elizabeth Kackley, plaintiff, against the Central Illinois Traction Company, defendant, to recover damages for personal injuries sustained as the result of a collision between a street car operated by defendant and a public taxicab in which plaintiff was riding. From a judgment for plaintiff for $1,000, defendant appeals.

VAUSE, HUGHES & KIGER, for appellant.

HENLEY & HENLEY, DYAS & DYAS and O'HAIR & RHOADS, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. PLEADING, § 32*—*what constitutes surplusage in declaration for personal injuries.* An allegation of due care in an action by a passenger in a public taxicab against a street railroad company

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number,

for damages for personal injuries due to a collision is mere surplusage, and need not be proven.

2. PLEADING, § 32*—*what constitutes surplusage.* Surplusage comprehends whatever may be stricken from the record without destroying the right of action, or the charge, on one hand, or the defense on the other.

3. NEGLIGENCE, § 112*—*when negligence of driver of public taxicab may not be imputed to passenger.* The negligence of the chauffeur of a public taxicab, which collided with a street car, in operating his cab without a license, and in violating an ordinance in stopping his car to receive a passenger on the wrong side of the street, cannot be imputed to the passenger.

4. STREET RAILROADS, § 91*—*when occupant of public taxicab not guilty of contributory negligence.* Where an occupant of an inclosed public taxicab has no means of communication with the chauffeur and does not know of his intention to back upon street car tracks and thereby place her in danger of collision she cannot be deemed guilty of contributory negligence.

5. STREET RAILROADS, § 113*—*when evidence incompetent as being too remote.* In an action against a street railroad for damages for personal injuries sustained as the result of a collision between the taxicab in which plaintiff was riding and a street car, evidence that the conductor was slightly intoxicated an hour and a half to two hours before the accident, *held* improperly admitted as being too remote where there was no evidence that he was in a like condition at the time of the accident.